John O'Loughlin, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

*Negligence — personal injuries — failure of a railroad company to supply adequate and competent co-employees — failure to exercise the best judgment, not necessarily contributory negligence.*

On the trial of an action, brought to recover damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant,. where it is shown that the plaintiff was injured, while working as a switchman,. through the negligence of a co-employee who had been directed by the employer, in addition to his other duties, to act as switchman in the place of a switchman discharged in order to reduce expenses, it is a question of fact to be determined by the jury upon the evidence as to whether such co-employee had such familiarity with the switches, in their relation to the several tracks, as to render him a competent person to perform the service of switchman. If it be found that he was incompetent for such position, and that the plaintiff's injury was the consequence of such incompetency, the conclusion is permitted that. the employer failed to supply an adequate force to do the work in the switchyard, as its duty to the plaintiff required, and that, therefore, the employer was chargeable with negligence.

The failure of a person injured to exercise the best judgment in avoiding the danger is not necessarily contributory negligence, and in the determination of the question of contributory negligence, allowance may properly be made for influences which ordinarily govern the actions of persons.

Appeal by the defendant, The New York Central and Hudson River Railroad Company, from an order of the Supreme Court,. made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 2d day of October, 1894, denying the defendant's motion for a new trial made upon the minutes..

*Albert H. Harris,* for the appellant.

*Horace G. Pierce* and *John Van Voorhis,* for the respondent.

Bradley, J.:

The plaintiff having for fifteen years been in the service of the defendant as flagman and switchman at and in the vicinity of Platt street in its freight yard in the city of Rochester, was, on February 8, 1894, struck by the switch engine and severely injured. He attributes his injury to the negligence of the defendant. In this yard were twenty switches and nearly as many tracks. The busi-

ness of switching and shifting cars there was large and continuous
night and day. For some time prior to the day of the accident
there were four switchmen in the yard. Two were engaged there
during the day and two during the night. On that day, with a
view of reducing expenses, the plaintiff's mate was dismissed.
The plaintiff was charged with the duty of taking care of the
switches at and near Platt street, and the operation of the other
switches was devolved upon the conductor and brakeman of the
switch engine, called the trainmen. The course of Platt street is
east and west. The railroad tracks cross it nearly at right angles.
The number of tracks being seven at the crossing was increased
north of there to sixteen or more. For convenience, the tracks at
the crossing may be numbered from east to west. The circum-
stances were that about nine o'clock in the evening of that day
when the engine was near the crossing and about to proceed north,
the conductor said to the plaintiff that it was going to a track known
as the Horn to get some cars ; that it would come back south on
what was known as the inside track, which on the crossing was the
fourth track from the west, and directed the plaintiff on the return
of the engine to turn a certain switch. The engine proceeded north
on the most westerly track, known as the New House and Kent
House track, taking the switches to the right until it reached the
main track (the fifth track from the west) at a distance of upwards
of 200 feet north of the crossing, and then on the signal of the con-
ductor the engine came south on the main track and struck the
plaintiff who stood on that track at the crossing.

The return of the engine south upon the main track was without
any object or purpose on the part of the conductor. It was his
mistake in giving the signal which brought the engine south upon
that track, resulting in the injury to the plaintiff. His intention
was that it should by the use of another switch north of the crossing
pass on to the track next east of the main track and thence south on
the inside track. If this mistake was attributable to the negligence
of the conductor, who was the co-employee of the plaintiff, the
defendant is not liable. But if the conductor was incompetent by
reason of want of familiarity with the switches in their relation to
the various tracks to perform the duties of switchman a different
question arises. In the beginning of his service he had for a time been

engaged in coupling cars, but for the last three years and a half he had been engaged there as yard conductor. His business as such did not require him to turn the switches, and he did it only occasionally when convenient for him to do so in the course of his business as conductor. There is an apparent complication of the tracks as they proceeded north from the crossing, and of the switches in their relation to the tracks. It seems quite evident that without the knowledge of the tracks in their connection with and relation to each other, and experience in the operation of the numerous switches, a person would be liable to make some mistakes. The defendant was chargeable with knowledge of the skill requisite to perform that duty in the yard and was advised of the nature of the service the conductor had up to that time performed. It may also be observed that as his service as conductor continued his duties and responsibilities were increased by adding those of switchman. Although he testified that he was familiar with the switches and their operation it was in view of his relation to the defendant fairly a question of fact for the jury whether he had such familiarity with the switches in their relation to the several tracks as to render him a competent person to perform that service. And if the jury found that he was then incompetent for it, and that the plaintiff's injury was the consequence of such incompetency, the conclusion was permitted that the defendant failed to supply adequate force to do the work in the yard as its duty to the plaintiff required, and, therefore, that it was chargeable with negligence. (*Flike* v. *Boston & A. R. R. Co.*, 53 N. Y. 549 ; *Booth* v. *Boston & A. R. R. Co.*, 73 id. 38.) The conclusion was justified upon the evidence that the other members of the crew with the engine knew less about the switches than did the conductor. The switch engine usually employed in the yard, having a headlight on each end, had sometime before been taken to the shop for repairs. The engine in use at the time of the accident was one without any headlight in the rear and had been temporarily in use there for a week. The evidence on the part of the plaintiff is that on the night in question there was no light whatever on the rear end of the engine and tender, and such is here assumed to be the fact although there was evidence on the part of the defense tending to prove that there was a red light of a lamp at one corner of the rear end on the tender. The front of the engine was north

and it was running backwards when the accident occurred The question whether the engine was suitably equipped with lights for the night service was also submitted to the jury upon the question of the defendant's negligence, in view of its duty to use reasonable care in supplying adequate appliances for the safety of its employees.

The question whether the plaintiff was, by the evidence, relieved from the imputation of contributory negligence is somewhat close. He testifies that he supposed that the engine was coming south on the inside track, as he had been advised by the conductor it would; that in the darkness he could see that the engine was coming south, but could not see that it was on the main track, and the inference is permitted that he was in a situation on that track to turn the switch, as he had been directed to have it done on the arrival of the engine at the proper place.

The inside track and the main track at the crossing opposite where the plaintiff stood were separated by only four feet and nine inches. It is evident that the plaintiff, not seeing that the engine was approaching on the main track, relied upon the statement of the conductor that it would be on the inside track, and, therefore, felt that he was safe where he stood. While the plaintiff might have avoided the possibility of danger by being upon no track, he had no reasonable apprehension of danger on the main track. He was not, under the circumstances, required to use the utmost caution by seeing to it that the train, by the mistake of the conductor, was not switched on to the wrong track.

The failure to exercise the best judgment is not necessarily contributory negligence.

In the determination of that question allowance may properly be made for influences which may ordinarily govern the action of persons. The plaintiff's action had the support of his confidence in the purpose of the conductor, and his faith that the conductor could, and without mistake, would execute it.

He was, in effect, advised by him that he would be safe anywhere, except on the inside track, and he was permitted to so understand it and act accordingly, if he, by the exercise of reasonable care, failed to observe anything to the contrary.

It may be if there had been a light on the rear end of the tender,

as it approached him, the plaintiff might have seen and avoided the danger to which he was exposed. We think, under the circumstances, the question of his contributory negligence was properly submitted to the jury; that there was no error in the denial of the motion for a nonsuit, or in the refusal to direct a verdict for the defendant, and that the verdict is supported by the evidence. The learned counsel for the defendant excepted to several refusals to charge as requested, and to some of the propositions submitted to the jury.

In view of the charge as made by the court to the jury we think none of those exceptions was well taken.

The order should be affirmed.

Lewis and Ward, JJ., concurred.

Order denying motion for new trial affirmed, with costs.